## LEE *v.* THE STATE.

The accused being charged with the offense of cheating and swindling, in that he procured credit by making false representations as to his ownership of certain property, and the evidence relied on by the State not showing that the representations made by the accused were in point of fact untrue, his conviction was unwarranted and should have been set aside.

Submitted April 23, — Decided May 10, 1904.

Accusation of cheating and swindling. Before Judge Toombs. City court of Washington. March 14, 1904.

*W. A. Slaton,* for plaintiff in error.
*R. C. Norman, solicitor,* contra.

Evans, J. The accused was charged with the offense of cheating and swindling, and was tried by the judge without a jury. The false representation alleged in the accusation was that the accused was the owner of two cows therein described; and it was charged that upon his assertion of ownership of the cattle he obtained from "J. L. Hill a credit in one brown mare, of the value of one hundred and ten dollars, to the injury and damage of said J. L. Hill." The only testimony on the subject of ownership of the cattle was that of the prosecutor, who testified : " About Feb. 28, 1903, I sold [the accused] a horse. He represented to me that he was the owner of the stock described in this mortgage, two cows. I afterwards found out that he did not own them. I got the horse back. . . I didn't know until just before I got the horse back that Frank Lee didn't own this stock. Mr. Ray went out for me to look after my securities, and told me he didn't have this stock, and the boy told me he didn't have it." From this testimony it is apparent that the prosecutor had no personal knowledge as to the ownership of the cattle, and based his assertion that he found out that the accused was not the owner of the cows upon what Ray told him and the statement of the accused that he did not have the stock. It does not appear when this statement was made, nor whether the accused referred to his possession at the time of making the statement or at the time he got the credit. His bare statement that he " didn't have" the stock could not properly be treated as a confession that he did not own the property at the time he got the credit. It was incumbent on the State to show this fact beyond a reasonable doubt. Other than the testimony above quoted, there was no evidence relating to the ownership of the cattle by the defendant at the time he secured the credit or at any other time. In view of the failure on the part of the State to prove that the representations as to ownership made by the accused were false, his conviction was unauthorized by the evidence. *Judgment reversed. All the Justices concur.*